J-A29009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW MICHAEL PHILLIPS, JR. | : | |
| | : | |
| Appellant | : | No. 1769 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 10, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001186-2018

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED DECEMBER 01, 2020**

Appellant, Andrew Michael Phillips, Jr., appeals from the September 10, 2019 Judgment of Sentence entered in the Lackawanna County Court of Common Pleas following his open guilty plea to Aggravated Assault[1].  With this appeal, Appellant's appointed counsel, Donna M. De Vita, has filed an Application to Withdraw as Counsel and an ***Anders***[2] Brief.  Appellant challenges the discretionary aspects of his sentence.  After careful review, we conclude that Appellant has waived this claim.  Thus, we affirm Appellant's Judgment of Sentence and grant counsel's Application to Withdraw as Counsel.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(4).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

Briefly, on November 30, 2018, Appellant entered an open guilty plea to Aggravated Assault. On September 10, 2019, court sentenced Appellant to a term of 27 to 72 months' incarceration.[3] Appellant did not file a Motion for Reconsideration of Sentence.

This appeal followed.[4,5] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

_____

[3] At the time that Appellant committed the instant offense, he was serving a 2-year sentence of probation for Resisting Arrest at Docket Number 1481-2015. Appellant's arrest for Aggravated Assault engendered revocation proceedings at Docket Number 1481-2015, resulting in revocation of his probation and resentencing to a new term of 2 years' probation. Appellant did not file a Notice of Appeal from the sentence of probation entered at Docket Number 1481-2015.

[4] On October 22, 2019, the trial court appointed Attorney De Vita to represent Appellant on appeal.

[5] Appellant filed a *pro se* Notice of Appeal from prison by letter dated October 7, 2019. The lower court clerk docketed Appellant's Notice of Appeal on October 16, 2019. The envelope in which Appellant transmitted the Notice of Appeal bears a date stamp reading either October 7, 2019, or October 12, 2019. Although the clerk docketed the Notice of Appeal beyond the 30-day appeal period, we deem Appellant's *pro se* appeal timely pursuant to the prisoner mailbox rule. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (explaining that, under the prisoner mailbox rule, an appeal by a *pro se* prisoner is deemed filed on the date the prisoner deposits the appeal with prison authorities or places it in a prison mailbox).

**_Anders_ Brief**

Counsel has filed an **_Anders_** Brief challenging the discretionary aspects of Appellant's sentence.[6] **_Anders_** Brief at 4. Counsel has also filed an Application to Withdraw as Counsel.

"When faced with a purported Anders brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **_Commonwealth v. Goodwin_**, 928 A.2d 287, 290 (Pa. Super. 2007) (_en banc_) (citation omitted). Prior to withdrawing as counsel on direct appeal under **_Anders_**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009), namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

978 A.2d at 361.

---

[6] Appellant has also challenged his revocation sentence entered at Docket Number 1481-2015. However, as noted, _supra_, Appellant did not file a Notice of Appeal from that sentence. Accordingly, Appellant has waived any challenge to imposition of that sentence.

In addition, counsel must provide a copy of the **Anders** brief to his client. "Attending the brief must be a letter that advises the client of his right to: '(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.'" **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007)).

Counsel has complied with the requirements of **Anders** as articulated in **Santiago** and supplied Appellant with a copy of the **Anders** Brief and a letter explaining the rights enumerated in **Orellana**. **See Anders** Brief; Application to Withdraw as Counsel, Exh. A (Letter, dated Sept. 15, 2020). Accordingly, counsel has satisfied the technical requirements for withdrawal.[7]

Having addressed counsel's technical compliance with **Anders**, we will address the substantive issue raised by counsel. In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

---

[7] Appellant did not respond to counsel's **Anders** Brief.

**Discretionary Aspects of Appellant's Sentence**

Appellant challenges the discretionary aspects of his sentence. *Anders* Brief at 12-13.[8]

A challenge to discretionary aspects of a sentence is not reviewable as a matter of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Id.*; *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant timely appealed. However, this Court's review of the record indicates that Appellant failed to preserve this issue by raising it at sentencing or in a Post-Sentence Motion. Accordingly, he has waived it. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (explaining that a defendant waives a challenge to the discretionary aspects

---

[8] "Where a defendant pleads guilty without any agreement as to sentence, the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing." *Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citation omitted).

of his sentence if he fails to present the claim to the trial court at sentencing or in a post-sentence motion).

Following our review of the issue raised by Appellant in counsel's *Anders* Brief, we agree with counsel and conclude that this appeal is wholly frivolous. In addition, following an independent review of the record, we discern no arguably meritorious issues that warrant further consideration. Accordingly, we grant counsel's Application to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Application to Withdraw as Counsel granted; Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/1/2020